OPINION
Lora Lee Westfall is appealing from the decision of the trial court to impose the maximum sentence (twelve months incarceration) following her plea of guilty to one count of forgery, a fifth degree felony in this case. She is appealing only the length of the sentence as stated in her sole assignment of error, as follows:
 THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE PURSUANT TO R.C. 2929.14(C) WHERE IT DID NOT FIND OR SET FORTH FACTORS SUPPORTING ITS FINDING THAT APPELLANT COMMITTED THE WORST FORM OF THE OFFENSE OR THAT APPELLANT POSED THE GREATEST LIKELIHOOD OF COMMITTING FUTURE CRIMES.
While the appellant states in her assignment of error that the court did not set forth the factors supporting its findings, her brief actually argues that she should have been given community control instead of incarceration because of certain mitigating factors that her counsel recited to the court during the sentencing hearing.
In explanation of its sentence, the trial court directly addressed Westfall at the end of the hearing, as follows:
 THE COURT: Okay. I'm not gonna go over all your priors. You have forty-one prior convictions that I could count up. I might be off a little bit one way or the other, but I'm not gonna go over them because it would just belabor the point and there's no sense doing that. But there — a lot of those offenses are similar to this one.
 As far as the recidivism factors, I find that there's two factors that would indicate that recidivism is likely, and that is your long criminal record that I've already talked about, and the fact that you show no remorse for the offense. Although, I think you're sorry that you're here, I don't think there's any remorse for what you've done.
 As far as recidivism being unlikely, I find that there are no factors that would indicate that recidivism is unlikely. Under the more serious category, the victim was elderly and disabled, and I find that that causes this case to be more serious. I find that you held a position of trust and the offense was related to that office or position, and that you were taking care of the victim due to his physical condition.
 I also find that the relationship with the victim facilitated the offense, that you took care of the victim.
 As far as less serious, I find that there's no physical harm to persons or property expected or caused.
 I also find that you have previously served a prison term, and I find that you are not amenable to an available community control sanction.
 It's therefore the sentence and order of the Court that you shall serve twelve months in prison. I find that the minimum term would not adequately protect the public and you pose a greatest likelihood of committing future crimes.
The hearing, which was held April 19, 1999, was followed by a formal sentence entry in which the court further set forth the factors it had already considered, in summary fashion, as follows:
 The Court has considered the record, oral statements, any victim impact statement and presentence report prepared. The Court considers the factors pursuant to R.C. § 2929.13(B) as follows:
As To Recidivism Likely:
 1. Prior adjudication of delinquency or history of criminal convictions.
2. Shows no remorse for the offense.
As To Seriousness:
 1. Injury to victim was worsened by the age of the victim.
 2. Offender held a public office or position of trust and the offense was related to that office or position.
 3. Relationship with victim facilitated the offense.
4. No physical harm to persons or property caused.
 After weighing the seriousness and recidivism factors in § 2929.12, the court finds that a prison term is consistent with the purposes and principles in § 2929.11. Further, the Court finds that the offender is not amenable to an available community control sanction pursuant to § 2929.13(B)(2)(a).
It is clear that the court considered the necessary factors to support its imposition of the maximum sentence allowed by law. In stealing by forgery of an elderly, disabled person for whom she was caring, she clearly committed the worse form of the offense and her shockingly long record of prior offenses supported the court's finding that she posed the greatest likelihood of committing future crimes. As this court recently stated in Statev. Riley (Oct. 29, 1999), Clark App. No. 99 CA 34, unreported:
 We decline to impose upon the trial courts a straitjacketed sentencing procedure that requires them to specifically list and reject or find all of the very many factors set forth for their consideration in the sentencing statutes of the Ohio Revised Code. It is sufficient for them to state on the record what factors they have found that support their sentence without going into detailed reasoning or rejecting on the record all the other many factors set forth in the statutes.
The sole assignment of error is overruled, and the judgment is affirmed.
GRADY, P.J. and WOLFF, J., concur.
Copies mailed to:
James D. Bennett
Steven R. Layman
Hon. Jeffrey M. Welbaum